UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Xcess Limited, | ) | CASE NO.: 5:24CV2205 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Amazon.com Services LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a motion to transfer filed by Defendant Amazon.com Services LLC. Doc. 10. Amazon contends that the parties agreed to a forum selection clause that requires that this matter be litigated in Washington state. Plaintiff Xcess Limited has opposed the motion, and Amazon has replied. For the reasons stated below, Amazon's motion is GRANTED. This matter is hereby transferred to the United States District Court for the Western District of Washington.

I.  **Background**

Xcess filed this suit on December 18, 2024, and alleged claims against Amazon for breach of contract, a declaratory judgment, violations of the Washington state consumer protection act, tortious interference, and defamation. The claims largely stem from the parties' prior business agreement through which Xcess provided liquidation services to many Amazon fulfillment centers. The parties' liquidation agreement contained a forum selection clause that reads: "Liquidator irrevocably submits to venue and exclusive personal jurisdiction in the federal and state courts in Seattle, King County,

Washington, for any dispute arising out of this Agreement, and waives all objections to jurisdiction and venue of such courts." Doc. 12-1 at 4. Based upon this provision, Amazon has sought to transfer this matter. The Court now reviews the parties' arguments.

## II.     Analysis

Where, as here, "a forum-selection clause indicates that a matter should be heard by a state or foreign court, then *forum non conveniens* is the appropriate method of enforcement." *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019) (citing *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60–61 (2013)). A typical forum-non-conveniens analysis has three components: (1) the court "determines the degree of deference owed the plaintiff's forum choice," and then asks if the defendant has met its burden of (2) showing an "adequate alternative forum," and (3) showing that "the plaintiff's chosen forum is unnecessarily burdensome based on" a balancing of public-interest and private-interest factors. *Id.* at 568 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016)).

The "calculus changes," however, when there is a valid and enforceable forum-selection clause. *Atlantic Marine*, 571 U.S. at 63; *see also Boling*, 771 F. App'x at 568 ("In *Atlantic Marine*, the Supreme Court concluded that an enforceable forum-selection clause alters this analysis ...."). In such cases, the plaintiff's choice of forum "merits no weight" and courts consider arguments only under the public-interest factors, treating the private-interest factors as "weigh[ing] entirely in favor of the preselected forum." *Atlantic Marine*, 571 U.S. at 63-64. The onus falls on the plaintiff to show that the public-interest factors defeat dismissal, and they rarely will. *Id.* at 64.

In addition to the forum selection clause, this Court must "weigh a number of case-specific factors" reflecting both public and private interests when conducting an analysis under § 1404(a). *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 537-38 (6th Cir.2002). These factors reflect the statutory language, which requires courts to consider the convenience of parties and witnesses, public interest factors of systemic integrity, and the interest of justice. *See id*. In performing this analysis, the Court must remain cognizant that "while other factors might 'conceivably' militate against a transfer [ ... ] the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d 570, 573 (10th Cir.1989).

"Because the presence of a valid and enforceable forum-selection clause alters the type of forum-non-conveniens analysis a court must apply, it follows that a court must first—before balancing the forum-non-conveniens factors—determine whether a forum-selection clause is applicable to the claims at issue, mandatory, valid, and enforceable." *Lakeside Surfaces, Inc. v. Cambria Co.*, LLC, 16 F.4th 209, 215 (6th Cir. 2021). At the outset, the parties disagree whether the clause at issue constitutes a mandatory or permissive clause.

> Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.

*K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002)(internal quotations and citations omitted).

Xcess asserts that the parties' clause is permissive because it fails to make venue in Washington state exclusive. Instead, Xcess contends that the clause *only* makes

jurisdiction in Washington state exclusive. In so doing, Xcess relies upon the following from *K&V*:

> where venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

*Id.* at 499 (citations omitted). The Court finds no merit in this contention. The parties agreed to the *exclusive* jurisdiction of the state and federal courts in King County, Washington. The parties' choice to use the work exclusive indicates the parties' intent to also make venue exclusive. Xcess has failed to explain how jurisdiction could be exclusive in one location while allowing venue in an entirely different location. Accordingly, the Court finds that the clause is mandatory.[1]

Xcess appears to argue in passing the contract at issue was adhesive and therefore the forum selection clause should not be enforceable. "Federal courts hold that forum selection clauses that have been freely bargained for are *prima facie* valid and enforceable." *Diebold, Inc. v. Firstcard Fin. Servs., Inc.*, 104 F.Supp.2d 758, 763 (N.D.Ohio 2000) (citation omitted). As such, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). In *Wong*, the Sixth Circuit identified the following factors to be considered in evaluating the enforceability of a forum selection clause:

> whether the clause was obtained by fraud, duress, or other unconscionable means; whether the designated forum would ineffectively or unfairly handle the suit; and whether the designated forum would be so seriously

---

[1] The Court also rejects any contention that the clause is ambiguous. The plain language of the clause makes jurisdiction in King County, Washington the *only* appropriate jurisdiction. Logic, therefore, dictates that venue must also be exclusive to that location.

> inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Id*. (numerals and citations omitted). None of the above factors support an argument that the clause should not be enforced. Moreover, Xcess's own complaint notes that is one of the largest liquidation companies in the United States. As such, the Court finds that the contract at issue was entered into by two sophisticated business entities. Accordingly, there is no basis to decline to enforce the forum selection clause.

Finally, Xcess claims that its tort claims are not governed by the forum selection clause. Xcess, therefore, claims those claims should be severed before any transfer. The Court disagrees.

Federal Rule of Civil Procedure 21 states that this Court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." This Court considers "principles of fundamental fairness and judicial efficiency" in exercising its discretion to sever under Rule 21. 4 Moore's Federal Practice § 21.02(4). Factors considered in this analysis may include: (1) "Whether the claims arise out of the same transaction or occurrence"; (2) "whether the claims present some common questions of law or fact"; (3) "whether settlement of the claims or judicial economy would be facilitated"; (4) "whether prejudice would be avoided if severance were granted"; and (5) "whether different witnesses and documentary proof are required for separate claims." *Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15-CV-397, 2016 WL 3090951, at *3 (N.D. Ohio June 2, 2016) (internal citation omitted).

Assuming *arguendo* that the tort claims are sufficiently distinct to evade the forum selection clause, they are decidedly not sufficient distinct to warrant severance from the breach of contract claims. The parties will undoubtedly rely upon common

questions of fact and overlapping witnesses for both the tort and contract claims. Moreover, to understand the underlying basis of the tort claims, there must be a review of the parties' historical contractual dealings. As such, judicial economy dictates that all the claims be heard together.

Based upon the above, Amazon's motion to transfer is GRANTED. This matter is hereby transferred to the United States District Court for the Western District of Washington.


Dated: March 20, 2025                      /s/ *John R. Adams*
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT