UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XCESS LIMITED, | Case No. C25-507RSL |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| AMAZON.COM SERVICES, LLC, | |
| Defendant. | |

This matter comes before the Court on defendant's motion for protective order (Dkt. # 52), plaintiff's response (Dkt. # 57), defendant's reply (Dkt. # 61), and plaintiff's notice of partial withdrawal of its motion for protective order (Dkt. # 67). Having reviewed the motions and the record herein, the Court hereby DENIES defendant's motion for protective order.

## I.    Legal Standard

Under Fed. R. Civ. P. 26(c), the Court may stay or otherwise modify discovery through the issuance of a protective order if the party seeking a protective order shows "good cause" to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."

> To establish good cause for a protective order under Rule 26(c), the movant must show " 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 1

(9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

*Greenberg v. Amazon.com, Inc.*, No. 2:21-CV-00898-RSL, 2026 WL 21258, at \*3 (W.D. Wash. Jan. 5, 2026).

## II.    Discussion

Here, defendant argues that "undue burden and expense" justify this Court ordering the parties to "structure" discovery in a way that would effectively stay plaintiff's discovery of electronically stored information ("ESI") until after the Court rules on defendant's pending motion to dismiss. Dkt. # 52 at 5:4–10, 9:26–10:3. Under defendant's proposal, until this Court rules on defendant's motion to dismiss the parties would "work together in good faith to develop a specific plan, with custodians, date ranges, and search terms, for how ESI should proceed should Amazon's motion to dismiss be denied in whole or in part, with actual ESI productions to begin only after the Court rules on Amazon's motion to dismiss." *Id.*[1]

> The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful, and a stay could cause unnecessary and significant delays at the outset of the litigation.

---

[1] After the parties reached an agreement in August 2025 regarding (1) a protective order governing confidentiality and (2) the discovery of ESI, defendant withdrew those parts of its motion for protective order that related to finalizing a protective order and ESI discovery procedures. Dkt. # 67.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 2

*Duffy v. Yardi Sys., Inc.*, No. 2:23-CV-01391-RSL, 2024 WL 1676683, at *1 (W.D. Wash. Apr. 18, 2024). None of the cases cited by defendant persuade this Court that it should take a different approach here than it did in *Duffy. See* Dkts. # 52 at 7–9, # 57 at 5–7, # 61 at 4:23–6:23. For example, in *Wilmington Tr. Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020), the court held, in the context of a motion for protective order seeking to stay discovery, that "[a] party seeking to stay discovery bears a 'heavy burden' to make a 'strong showing' of why discovery should be denied." Defendant here has not offered a strong showing as to why ESI discovery would lead to undue burden and expense. Dkt. # 52 (incorporating by reference Dkt. # 50). While defendant does deploy a number of descriptive adjectives in support of its argument (claiming, for example, that allowing plaintiff's discovery would "result in a grossly inefficient and expensive process," Dkt. # 61 at 6:22), defendant does not offer any clear, quantitative description of the claimed undue burden and expense that would result from responding to plaintiff's discovery requests. Dkt. # 52 (incorporating by reference Dkt. # 50). In addition, while defendant has offered examples of discovery requests from plaintiff that defendant believes "ignore Rule 26(b)'s limitations," Dkt. # 50 at 11–12, defendant does not seek a protective order in relation to any specific request made by defendant and instead asks for a broad stay of ESI discovery until there is a ruling on defendant's motion to dismiss, Dkt. # 52. [2] "Neither the mere existence of a potentially

---

[2] The Court will address defendant's objections to specific discovery requests when ruling on plaintiff's motion to compel, Dkt. # 45.

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 3

dispositive motion, nor mere inconvenience and expense suffice to establish good cause for a stay," and in any event a stay pending a decision on a dispositive motion should be an exceptional occurrence rather than the general rule. *Wilmington Tr.*, No. C20-0402-RSM-MAT, 2020 WL 6060434, at *1 (W.D. Wash. Oct. 14, 2020).

The Court appreciates defendant calling its attention to Judge John H. Chun's July 2025 order granting in part Amazon's motion to dismiss in a similar liquidator case. Dkt. # 61 at 2:6 (citing *RL Liquidators LLC v. Amazon.com Services LLC*, No. 24-cv-2096-JHC, Dkt. # 34 (W.D. Wash. July 15, 2025)). Judge Chun's order also granted plaintiff in that matter leave to amend. *Id*. Since then, plaintiff in *RL Liquidators* has filed an amended complaint containing two causes of action identical to those brought by plaintiff here: breach of contract and violation of the Washington Consumer Protection Act. *See RL Liquidators*, No. 24-cv-2096-JHC, Dkts. # 39, 40 (W.D. Wash. July 15, 2025). Defendant argues here that discovery should be stayed because "[m]uch of Xcess's discovery is currently directed towards its CPA claim" and, in defendant's view, plaintiff's CPA claim is unlikely to survive defendant's motion to dismiss. Dkts. # 52 at 8:24–9:6, # 61 at 2:5. *But see* Dkt. # 57 at 5:12 (disputing defendant's characterization and claiming that "[t]he bulk of Xcess' document requests relate to its breach of contract claim."). The fact that the breach of contract and CPA claims in *RL Liquidators* have at this point survived a motion to dismiss only reinforces the point this Court made in *Duffy*: motions to dismiss are not always successful in ending a case, and therefore a stay in discovery based on the presence of a motion to dismiss "could cause unnecessary and significant delays at

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 4

the outset of the litigation." *Duffy*, No. 2:23-CV-01391-RSL, 2024 WL 1676683, at *1 (W.D. Wash. Apr. 18, 2024). Therefore, the Court will deny defendant's motion for a protective order effectively staying plaintiff's ESI discovery until after the Court rules on defendant's pending motion to dismiss. Dkt. # 52 at 5:4–10, 9:26–10:3.

### III.   Conclusion

For all the foregoing reasons, the Court DENIES defendants motion for protective order (Dkt. # 52).

IT IS SO ORDERED.

DATED this 11th day of February, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR PROTECTIVE ORDER - 5